IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELICA B. SMITH, | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. 4:22-CV-02472 |
| VALVOLINE, LLC | § |
| Defendant. | § |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Valvoline LLC ("Valvoline" or "Company"), and files this, its Original Answer and Affirmative Defenses to Plaintiff's Original Complaint ("Complaint"), and in support thereof respectfully submits the following:

### PARTIES, JURISDICTION & VENUE

1. Defendant admits that Plaintiff has asserted claims of discrimination and retaliation but denies that any facts exist which support such claims as alleged in Paragraph 1 of the Complaint.

2. Defendant admits Plaintiff was an employee of Defendant and upon information and belief is a resident of Pasadena, Texas as alleged in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the Court has jurisdiction as alleged in Paragraph 4 of the Complaint.

5. Defendant admits that venue is proper as alleged in Paragraph 5 of the Complaint.

6. Defendant admits that Plaintiff filed a Charge of Discrimination but denies the remainder of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant is without sufficient information to admit or deny when Plaintiff received a right to sue letter as alleged in Paragraph 7 of the Complaint.

8. Defendant is without sufficient information to admit or deny whether Plaintiff has properly exhausted all of her administrative remedies as alleged in Paragraph 8 of the Complaint.

9. Defendant is without sufficient information to admit or deny whether Plaintiff filed suit within ninety days of receipt of her right to sue letter as alleged in Paragraph 9 of the Complaint.

## FACTS

I. **First Instance of Alleged Sexual Harassment**

10. Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's Complaint, and no response is required to Paragraph 10 of Plaintiff's Complaint.

11. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff informed her supervisor that Kevin had physical contact with her but denies the remainder of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff informed her supervisor about an incident with Kevin and her supervisor reported the incident but is without sufficient information to admit or deny the remaining allegations contained in Paragraph 17 of the Complaint.

**II.     Second Instance of Alleged Sexual Harassment**

18. Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's Complaint, and no response is required to Paragraph 18 of Plaintiff's Complaint.

19. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits Mr. Hawkins' hand touched Plaintiff but denies the remainder of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits Plaintiff asked Dalan Motz to review a video of a certain date and time but denies the remainder of the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits Plaintiff took a medical leave of absence due to an injury sustained in non-work-related car accident but denies the remainder of the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT I
### (Hostile Work Environment Based on Sex)

39. Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's Complaint, and no response is required to Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the "Prayer for

Relief" section of Plaintiff's Complaint.

## JURY DEMAND

Defendant admits that Plaintiff has demanded to exercise her right to trial by jury as alleged in the "Jury Demand" section of Plaintiff's Complaint but denies that Plaintiff was subject to any unlawful employment practices.

## GENERAL DENIAL

Defendant hereby denies each and every allegation of the Complaint not expressly admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing denials and admissions, and pleading in the alternative when necessary, and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant pleads the following defenses and reserves the right to plead additional defenses that may become apparent during the defense of this lawsuit.

1.  Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.  Plaintiff failed to properly and timely exhaust her administrative remedies before filing this action.

3.  Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, and Plaintiff did not file with the EEOC a Charge of Discrimination within 300 days of the conduct alleged and/or did not file this action within 90 days of Plaintiff's receipt of the right to sue letter.

4.  Plaintiff's claims and allegations are barred, in whole or in part, to the extent they exceed the scope of the administrative charge of discrimination and retaliation and/or the investigation of the administrative charge upon which the action is based.

5. Defendant alternatively pleads that Plaintiff has failed to allege facts sufficient to state a claim for punitive damages.

6. Without waiver of Plaintiff's burden to show otherwise, Defendant did not act willfully or in reckless disregard of Plaintiff's rights and, accordingly, the imposition of exemplary damages would be improper. Furthermore, to the extent Plaintiff seeks exemplary damages, such claim for exemplary damages is barred because Defendant had anti-discrimination and anti-retaliation policies and procedures in place and Defendant made good-faith efforts to educate its employees on these policies.

7. Defendant alternatively pleads, Plaintiff's claim for exemplary damages is barred because Defendant had anti-discrimination and anti-retaliation policies and procedures in place and Defendant made good-faith efforts to educate its employees on these policies. Defendant has at all times exercised reasonable care to prevent and correct promptly any alleged retaliatory or discriminatory terms and conditions of employment and Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities and procedures provided by Defendant or to otherwise avoid the harm about which she now complains.

8. Without waiver of Plaintiff's burden to show the contrary, Defendant alternatively pleads that Plaintiff has failed to mitigate her alleged damages, in whole or in part, and Defendant is entitled to an offset of the extent of any mitigation by Plaintiff.

9. Without waiver of Plaintiff's burden to show the contrary, Defendant alternatively pleads that Defendant is entitled to an offset or credit against Plaintiff's damages, if any, based on Plaintiff's earnings, income, unemployment benefits, disability benefits, workers' compensation benefits, and/or social security benefits.

10. Defendant alternatively pleads, Plaintiff's claims for economic, compensatory, and

punitive damages and other relief are subject to all applicable statutory caps and limitations.

11.     Defendant alternatively pleads that Plaintiff's claims are barred, or their recovery should be offset, by the after-acquired evidence doctrine, if applicable.

12.     Without waiver of Plaintiff's burden to show otherwise, Defendant is not liable for acts, if any, by employees that were not authorized by Defendant, and such employee, if any, had not express or implied authority to engage in acts that were inconsistent with Defendant's written rules prohibiting conduct constituting unlawful discrimination.

13.     To the extent that any of the individuals alleged to have discriminated against Plaintiff engaged in any of the conduct described in Plaintiff's Complaint, Defendant alternatively pleads that such actions were outside the scope of their employment, were contrary to policies and directives of Defendant, and were not done in furtherance of Defendant's business interests.

In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any other available counterclaims against Plaintiff as those claims become known during this litigation.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that, upon a final hearing of this matter, that the Court grant judgment on behalf of Defendant; that Plaintiff take nothing by the above-captioned action; that Defendant recovers its reasonable attorneys' fees and costs of court, and that Defendant be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Dated November 16, 2022.               Respectfully submitted,

/s/ *Jeremy W. Hawpe*

Jeremy W. Hawpe
Texas State Bar No. 24046041
Courtney E. Jackson
Texas State Bar No. 24116560
jhawpe@littler.com
cejackson@littler.com

**LITTLER MENDELSON, P.C.**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201
214.880.8100 (Telephone)
214.880.0181 (Telecopier)

**ATTORNEYS FOR DEFENDANT VALVOLINE, LLC**

## CERTIFICATE OF SERVICE

On November 16, 2022, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas using the Electronic Case Filing system of the Court. I hereby certify that I have served the following:

*Via Certified Mail*

Angelica B. Smith
3909 Burke Road #5206
Pasadena, TX 77504

*Via Electronic Mail*

Lewis Zipkin
Kevin Gross
Zipkin Whiting Co. LPA
3637 Green Road
Beachwood, OH 44122
Telephone: (216) 514-6400
Fax: (216) 514-6406
lawsmatter2@gmail.com
krgross.zipkinwhiting@gmail.com

/s/ *Jeremy W. Hawpe*
Jeremy W. Hawpe

4877-2520-3260.1 / 109503-1004